STATE OF NEW JERSEY, PLAINTIFF IN ERROR, v. ALEX-ANDER NAUJOKS, DEFENDANT IN ERROR.

Submitted December 6, 1920—Decided February 28, 1921.

1. Where time is not of the essence of the offence, an indictment is amendable under section 33 of the Criminal Procedure act.
2. The prosecuting witness, on the trial of an indictment for carnal abuse, testified that there was a telephone in the room in which she alleged the crime was committed. The accused, while testifying in his own behalf, was not asked by his counsel whether or not there was a telephone in the room, but after he had left the witness-stand, he asked the court, "Can I have the jury take the telephone book down? There is no telephone in my place." The trial judge then told the accused that he would take care of that question in charging the jury, but in the charge he told the jury that they were to decide whether the prosecuting witness had stated that there was a telephone in the room, and that if she had so stated, the defendant had had an opportunity to deny the fact while he was on the witness-stand. *Held*, that the charge was misleading and not wholly accurate and was highly prejudicial to the defendant.

On appeal from the Supreme Court.

For the plaintiff in error, *J. Henry Harrison* and *John A. Bernhard*.

For the defendant in error, *McDermit & McDermit.*

The opinion of the court was delivered by

KALISCH, J. The defendant in error was convicted in the Essex County Quarter Sessions of carnal abuse under section 115 of the Crimes act (*Comp. Stat., p.* 1783), which, *inter alia*, provides: "Any person * * * who, being of the age of sixteen or over, shall unlawfully and carnally abuse a woman child over the age of twelve years and under the age of sixteen years, with or without her consent, shall be guilty of a high misdemeanor."

The judgment on this conviction was removed by writ of error to the Supreme Court for review by strict bills of exceptions and by specifications of causes for reversal under section 136 of the Criminal Procedure act.

The Supreme Court reversed the judgment of the Quarter Sessions, and in that result we concur, but not for the same reason.

The judgment is now before us for review on writ of error sued out by the state.

The ground upon which the Supreme Court reversed the judgment of the trial court is stated in the *per curiam* opinion thus: "Since the case was submitted, the case of State *v.* Sing Lee was decided by the Court of Errors and Appeals, in which the question presented here by a general exception to the charge, *i. e.*, that the date of the happening of the crime was 'immaterial,' and that the indictment may be amended to conform to the fact, was considered by that court and made the basis of that adjudication. It was there held that the date of the occurrence was material, and that it was error for the trial court to allow an amendment in that respect. That decision necessitates the reversal of this conviction on that ground."

A comparison of the facts and proof concerning the indictment in the Sing Lee case, with the facts and proof of

the present case, will show that they are wholly unlike and that the legal rule applied to the former was not applicable to the case *sub judice.*

The indictment alleged the commission of the offence on August 15th, 1918, and was presented to the court in February, 1919. The proof in th case showed that the alleged offence, if committed at all, occurred during the month of June, 1918. It further appears that the date was not of the essence of the offence, and, therefore, under section 33 of the Criminal Procedure act, the indictment was amendable in that respect. The prosecutor was not confined to proof of the date as laid in the indictment but was at liberty to prove the occurrence of the commission of the offence on any date within two years of the finding of the indictment. *State* v. *Unsworth,* 84 *N. J. L.* 22; 85 *Id.* 237.

In the *Sing Lee case,* 94 *N. J. L.* 266, the indictment contained two counts—one for assault and battery and the other for carnal abuse. The latter count alleged the commission of the offence on the 10th day of June, and the court permitted an amendment, to the effect that the count alleged the offence to have been committed on the first and third days of June—practically charging the accused with having committed two distinct offences in a single count of the indictment, thus making it duplicitous; and also thereby the court, in substance, permitted another count of a distinct offence to be added to the indictment which had not been passed upon and presented by a grand jury. This was clearly an invasion of the defendant's constitutional right.

The ground of affirmance of the judgment of the Supreme Court reversing the trial court rests upon this circumstance. It appears that the prosecutrix testified that in the room where the accused committed the offence charged against him there was a telephone. The accused, while testifying in his own behalf, very likely through oversight, was not asked whether or not there was a telephone in the room referred to. After counsel of defendant had summed up the court adjourned until the following day. A juror requested that the testimony of Dr. Clark be read, which was done. The prose-

cutor then summed up for the state and evidently stated that
the prosecutrix must have been in the room where the alleged
offence was committed, since in her description of the room
she said there was a telephone there, and the defendant had
not denied it.   Of course, this was an important fact to be
considered on the question of the veracity of the prosecutrix.

It was either while the prosecutor was summing up or
when he had finished that the following colloquy took place
between the court and the accused:

"The defendant—'Can I have the jury take the telephone
book down?  I have no telephone in my place.'

"The Court—The only question is whether the little girl
testified that there was a telephone in the place.  I will take
care of that question in disposing of the case to the jury."

In charging the jury, the learned trial judge said:

"For instance, the defendant has just called my attention
to a circumstance in regard to the telephone.  The prosecu-
tor, in his summing up, said that the child stated that there
was a telephone in the room.  Whether the child said so or
did not say so is a question for your determination.  If the
child did not say so, it was merely a mistake in referring to it.
If the child did say so you will recall that fact, and whether
the child was or was not mistaken is for you to say.  If the
child said there was a telephone the defendant had the op-
portunity to deny it on the witness-stand, if he cared to
do so."

In the specification of causes for reversal counsel of de-
fendant in error specifies the instruction of the trial judge to
the jury:  "If the child said there was a telephone the de-
fendant had the opportunity to deny it on the witness-stand,
if he cared to do so."

We think this statement to the jury was highly prejudicial
to the defendant and necessitates a reversal.

Giving to the language of the trial judge, in response to
defendant's inquiry and denial, its natural meaning, such as
a man of ordinary intelligence would give under the then
existing circumstances, what the court said apparently tended
to convey to the defendant its intention to investigate whether

the prosecutrix said there was a telephone in the defendant's place, and if she did, to give him an opportunity to disprove it, if he could. But instead of giving the defendant such an opportunity, the court took no notice of the defendant's denial that he had a telephone; and told the jury, in substance, that the defendant had the opportunity to deny it on the witness-stand, if he cared to do so.

This statement was misleading and not wholly accurate. For the defendant, in open court, manifestly, as it appears from the record, after he had been sworn as a witness in his own behalf, and had left the witness-stand, but before the court commenced to charge the jury, said: "I have no telephone in my place," to which the court replied, as has been above detailed. Thus, while it appears that defendant did not deny the assertion of the prosecutrix as to the telephone, while actually on the witness-stand, he did deny her assertion, in the progress of the trial, and if the prosecutor had seen fit, he could, with the permission of the court, have called the defendant to the witness-stand and cross-examined him. The fact that the testimony came from the defendant while not actually on the witness-stand, and at a time when he was not called upon to testify, should not detract from its force and value as testimony in the cause, since the testimony was received by the trial judge and no objection to its competency was interposed. It is, therefore, obvious that what the court said to the jury on the question regarding the telephone was highly prejudicial to the defendant in maintaining his defence upon the merits of the case.

For the reasons herein stated the judgment of the Supreme Court, reversing the judgment of the Essex County Quarter Sessions Court, is affirmed.

*For affirmance*—THE CHANCELLOR, SWAYZE, TRENCHARD, PARKER, BERGEN, KALISCH, KATZENBACH, WHITE, HEPPENHEIMER, WILLIAMS, TAYLOR, GARDNER, ACKERSON, JJ. 13.

*For reversal*—None.